UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KRYSTAL BARNES** | **CIVIL ACTION** |
| VERSUS | NO. 17-3629 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

_____

| | |
|---|---|
| **TONNIE LEE EASTERLING** | **CIVIL ACTION** |
| VERSUS | NO. 17-3913 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

_____

| | |
|---|---|
| **JOHNNY ELZEY** | **CIVIL ACTION** |
| VERSUS | NO. 17-3985 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

_____

| | |
|---|---|
| **DALE HUNTER** | **CIVIL ACTION** |
| VERSUS | NO. 13-3147 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

_____

| | |
|---|---|
| ANTHONY L. MOORE | CIVIL ACTION |
| VERSUS | NO. 17-4453 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

---

| | |
|---|---|
| LINDA PACE | CIVIL ACTION |
| VERSUS | NO. 17-4471 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

---

| | |
|---|---|
| DON POOLE ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-4507 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

---

| | |
|---|---|
| FRANK MICHAEL III | CIVIL ACTION |
| VERSUS | NO. 17-4563 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

---

| | |
|---|---|
| DUKE ALLEN MACKLES | CIVIL ACTION |
| VERSUS | NO. 17-4002 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: "H" |

| | |
|---|---|
| **LATONYA SHERELL ANDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3022** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

_____

| | |
|---|---|
| **HAKIM DUMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4322** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

_____

| | |
|---|---|
| **CODIE JAMES SCOTT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4578** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

_____

| | |
|---|---|
| **CHARLES D. STAPLETON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4588** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

_____

| | |
|---|---|
| **JAMES DEWAYNE LAWRENCE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4564** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are nearly identical motions submitted in fourteen different cases. Defendants BP Exploration & Production, Inc.; BP America Production Company; BP p.l.c.; Transocean Holdings, LLC; Transocean Deepwater, Inc.; Transocean Offshore Deepwater Drilling, Inc.; and Halliburton Energy Services, Inc. ("collectively BP") filed Motions in Limine to Exclude the General Causation Opinions of Plaintiffs' Expert, Dr. Jerald Cook and Motions for Summary Judgment Due to Plaintiff's Inability to Prove Medical Causation in each of these cases. In response, each of the Plaintiffs has filed a motion entitled Motion for Admission of Plaintiffs' Expert Opinions Because of BP Defendants' Spoliation of Evidence of Plaintiffs' Exposure. For the following reasons, Defendants' Motions are **GRANTED**, and Plaintiffs' Motions are **DENIED.**

## BACKGROUND

These fourteen cases are among the "B3 bundle" of cases arising out of the *Deepwater Horizon* oil spill.[1] This bundle comprises "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)."[2] These cases were originally part of a multidistrict litigation ("MDL") pending in the Eastern District of Louisiana before Judge Barbier. During this MDL, Judge Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, but the B3 plaintiffs either opted out of this agreement or were excluded from its

---

[1] *See In Re* Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, No. 10-md-02179, R. Doc. 26924 at 1 (E.D. La. Feb. 23, 2021).
[2] *Id.*

class definition.[3] Subsequently, Judge Barbier severed the B3 cases from the MDL to be reallocated among the judges of this Court.[4] The above fourteen cases were reassigned to Section H.

Plaintiffs Krystal Barnes, Tonnie Lee Easterling, Johnny Elzey, Dale Hunter, Anthony L. Moore, Linda Pace, Don Poole, Frank Michael III, Duke Allen Mackles, Latonya Sherell Anderson, Hakim Dumas, Codie James Scott, Charles D. Stapleton, and Jamie Dewayne Lawrence each filed lawsuits against Defendants based on their alleged exposure to toxic chemicals following the Deepwater Horizon oil spill in the Gulf of Mexico. Each plaintiff was allegedly involved in cleanup or recovery work after the oil spill, and each contends that his or her resulting exposure to crude oil and dispersants caused a litany of health conditions. Plaintiffs bring claims for general maritime negligence, negligence per se, and gross negligence against Defendants.

Now before the Court in each of the above-captioned cases are Defendants' Motions in Limine to Exclude the General Causation Opinions Testimony of Plaintiffs' Expert and their Motions for Summary Judgment Due to Plaintiff's Inability to Prove Medical Causation.[5] In each of the Motions in Limine, Defendants argue that Plaintiffs' expert on medical causation, Dr. Jerald Cook, fails to satisfy the Fifth Circuit's requirements for an admissible

---

[3] *Id.* at 2 n.3.
[4] *Id.* at 7–8.
[5] Barnes v. BP Expl. & Prod., Inc., No. 17-3629, R. Docs. 52, 53; Easterling v. BP Expl. & Prod., Inc. No., 17-3913, R. Docs. 52, 53; Elzey v. BP Expl. & Prod., Inc., No. 17-3985, R. Docs. 51, 52; Hunter v. BP Expl. & Prod., Inc., No. 13-3147, R. Docs. 38, 39; Moore v. BP Expl. & Prod., Inc., No. 17-4453, R. Docs. 54, 55; Pace v. BP Expl. & Prod., Inc., No. 17-4471, R. Docs. 51, 53; Poole v. BP Expl. & Prod., Inc., No. 17-4507, R. Docs. 51, 52; Michael v. BP Expl. & Prod., Inc., No. 17-4563, R. Docs. 51, 52; Mackles v. BP Expl. & Prod., Inc., No. 17-4002, R. Docs. 51, 52; Anderson v. BP Expl. & Prod., Inc., No. 17-3022, R. Docs. 63, 64; Dumas v. BP Expl. & Prod., Inc., No. 17-4322, R. Docs. 49, 50; Scott v. BP Expl. & Prod., Inc., No. 17-4578, R. Docs. 53, 54; Stapleton v. BP Expl. & Prod., Inc., No. 17-4588, R. Docs. 51, 52; Lawrence v. BP Expl. & Prod., Inc., No. 17-4654, R. Docs 51, 52.

general causation opinion in toxic tort cases and should therefore be excluded as unreliable. In each of the Motions for Summary Judgment, Defendants argue that assuming their Motions in Limine are granted, each of the Plaintiffs lack expert testimony on general causation and therefore fail to present a genuine issue of material fact as to whether his or her injuries were caused by exposure to oil and dispersants. Also before the Court in each of the above-captioned cases is Plaintiff's motion entitled Motion for Admission of Plaintiffs' Expert Opinions because of BP Defendants' Spoliation of Evidence of Plaintiffs' Exposure.[6] In each of these motions, Plaintiffs ask the Court to allow Dr. Cook's expert testimony in light of Defendants' failure to preserve evidence of exposure to toxic chemicals by clean-up workers or perform biomonitoring and dermal monitoring of those workers. The Court will consider each motion in turn.

## LEGAL STANDARDS

### I. *Daubert* Motion

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert may testify if: (1) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) the expert's testimony "is based on sufficient facts or data"; (3) the expert's testimony "is the product of reliable principles and methods"; and (4) the principles and methods employed by the expert have been reliably applied to

---

[6] *Barnes*, No. 17-3629, R. Doc. 59; *Easterling*, No. 17-3913, R. Doc. 59; *Elzey*, No. 17-3985, R. Doc. 58; *Hunter*, No. 13-3147, R. Doc. 40; *Moore*, No. 17-4453, R. Doc. 56; *Pace*, No. 17-4471, R. Doc. 53; *Poole*, No. 17-4507, R. Doc. 53; *Michael*, No. 17-4563, R. Doc. 53; *Mackles*, No. 17-4002, R. Doc. 58; *Anderson*, No. 17-3022, R. Doc. 65; *Dumas*, No. 17-4322, R. Doc. 51; *Scott*, No. 17-4578, R. Doc. 55; *Stapleton*, No. 17-4588, R. Doc. 53; *Lawrence*, No. 17-4654, R. Doc. 53.

the facts of the case. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the U.S. Supreme Court held that Rule 702 "requires the district court to act as a gatekeeper to ensure that 'any and all scientific testimony or evidence admitted is not only relevant, but reliable.'"[7] All types of expert testimony are subject to this gatekeeping.[8] The party offering the expert testimony bears the burden of proving its reliability and relevance by a preponderance of the evidence.[9]

The reliability of expert testimony "is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid."[10] The Court may consider several nonexclusive factors in determining reliability, including: (1) whether the technique has been tested, (2) whether the technique has been subject to peer review and publication, (3) the technique's potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community.[11] Granted, the reliability analysis is a flexible one and "not every *Daubert* factor will be applicable in every situation."[12] As the gatekeeper of expert testimony, this Court enjoys broad discretion in determining admissibility.[13]

## II. Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if

---

[7] Metrejean v. REC Marine Logistics, LLC, No. 08-5049, 2009 WL 3062622, at *1 (E.D. La. Sept. 21, 2009) (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993)).

[8] *See* Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999).

[9] *See* Moore v. Ashland Chem. Co., 151 F.3d 269, 276 (5th Cir. 1998).

[10] Knight v. Kirby Inland Marine, Inc., 482 F.3d 347, 352 (5th Cir. 2007).

[11] *See* Burleson v. Tex. Dep't of Crim. Just., 393 F.3d 577, 584 (5th Cir. 2004).

[12] Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004).

[13] *See* Wellogix, Inc. v. Accenture, L.L.P., 716 F.3d 867, 881 (5th Cir. 2013).

7

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[14] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[15]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.[16] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[17] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[18] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[19] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[20] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[21]

---

[14] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[15] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[16] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[17] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[18] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[19] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[20] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[21] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

**LAW AND ANALYSIS**

"B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response."[22] "The plaintiff's burden with respect to causation in a toxic tort case involves proof of both general causation and specific causation."[23] "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury."[24]

On the topic of general causation, each Plaintiff has put forth a report from Dr. Cook dated June 21, 2022, and entitled "Health Effects Among *Deepwater Horizon* Oil Spill Response and Cleanup Workers: A Cause and Effect Analysis."[25] This report is not unique to these cases; another judge of this Court has described it as "an omnibus, non-case specific general causation expert report that has been used by many B3 plaintiffs."[26]

Nine sections of the Eastern District of Louisiana, including this one, have excluded Dr. Cook's June report or its earlier versions, holding generally that Dr. Cook's opinions are unreliable and unhelpful where he fails to identify

---

[22] In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL NO. 2179, 2021 WL 6053613, at *11 (E.D. La. Apr. 1, 2021).

[23] Davis v. BP Expl. & Prod., Inc., No. 17-4664, 2022 WL 2789027, at *1 (E.D. La. July 15, 2022).

[24] *Knight*, 482 F.3d at 351 (internal quotation marks omitted).

[25] *Barnes*, No. 17-3629, R. Doc. 52-4; *Easterling*, No. 17-3913, R. Doc. 52-4; *Elzey*, No. 17-39851 R. Doc. 56-4; *Hunter*, No. 13-3147, R. Doc. 38-4; *Moore*, No. 17-4453, R. Doc. 55-4; *Pace*, No. 17-4471, R. Doc. 51-4; *Poole*, No. 17-4507, R. Doc. 51-4; *Michael*, No. 17-4563, R. Doc. 51-4; *Mackles*, No. 17-4002, R. Doc. 51-4; *Anderson*, No. 17-3022, R. Doc. 63-4; *Dumas*, No. 17-4322, R. Doc.49-4; *Scott*, No. 17-4578, R. Doc. 53-4; *Stapleton*, No. 17-4588, R. Doc. 51-4; *Lawrence*, No. 17-4654, R. Doc 51-4.

[26] McIntosh v. BP Expl. & Prod., Inc., No. 13-1020, 2022 WL 2342480, at *1 (E.D. La. June 29, 2022).

the level of exposure to a relevant chemical that can cause the conditions asserted in the plaintiffs' complaints.[27] Indeed, in their oppositions, some of the Plaintiffs acknowledge that "about two hundred of BP's motions to exclude Dr. Cook's general causation opinions have been granted."[28] In light of this, some of the Plaintiffs "take a different tack" and focus their oppositions "on the scientific robustness of Dr. Cook's reliance literature and the fact that there are no alternative studies on which he could properly rely to support his opinions."[29] They argue that it is not possible to establish a quantitative exposure to a given chemical at a given level based on the data that was collected after the oil spill and that Dr. Cook's opinion relies on the best

---

[27] *See, e.g.,* Johns v. BP Expl. & Prod. Inc., No. 17-3304, 2022 WL 1811088 (E.D. La. June 2, 2022) (Ashe, J.); Coleman v. BP Expl. & Prod., Inc., No. 17-4158, 2022 WL 2314400 (E.D. La. June 28, 2022) (Vance, J.); *McIntosh*, 2022 WL 2342480 (Barbier, J.); Harrison v. BP Expl. & Prod. Inc., No. 17-4346, 2022 WL 2390733 (E.D. La. July 1, 2022) (Morgan, J.); *Davis*, 2022 WL 2789027 (Zainey, J.); Turner v. BP Expl. & Prod. Inc., No. CV 17-3225, 2022 WL 2967441 (E.D. La. July 27, 2022) (Africk, J.); Reed v. BP Expl. & Prod., Inc., No. CV 17-3603, 2022 WL 3099925 (E.D. La. Aug. 4, 2022) (Milazzo, J.); Baggett v. BP Expl. & Prod., No. 17-3030, 2022 WL 4242521 (E.D. La. Sept. 13, 2022) (Guidry, J.); Hill v. BP Expl. & Prod., No. 17-3252, 2022 WL 4534747 (E.D. La. Sept. 28, 2022) (Vitter, J.); Moore v. BP Expl. & Prod., Inc., No. CV 17-4456, 2022 WL 3594631, at *10 (E.D. La. Aug. 23, 2022) (Vance, J.); Cantillo v. BP Expl. & Prod., No. 17-3226, R. Doc. 35 (E.D. La. Aug. 5, 2022) (Barbier, J.); Seay v. BP Expl. & Prod., No. 17-4244, R. Doc. 53 (E.D. La. Aug. 5, 2022) (Barbier, J.); Yarbrough v. BP Expl. & Prod., No. 17-4292, R. Doc. 53 (E.D. La. Aug. 5, 2022) (Barbier, J.); Magee v. BP Expl. & Prod., No. 17-4399, R. Doc. 54 (E.D. La. Aug. 8, 2022) (Ashe, J.); McMillan v. BP Expl. & Prod., No. 17-3396, R. Doc. 61 (E.D. La. Sept. 14, 2022) (Guidry, J.).

[28] *Moore*, No. 17-4453, R. Doc. 59; *Pace*, No. 17-4471, R. Doc. 56; *Poole*, No. 17-4507, R. Doc. 56; *Michael*, No. 17-4563, R. Doc. 57; *Anderson,* No. 17-3022, R. Doc. 68; *Dumas,* No. 4322, R. Doc. 54; *Scott,* No. 17-4578, R. Doc. 59; *Stapleton,* No. 17-4588, R. Doc. 57; *Lawrence,* No. 17-4654, R. Doc. 57.

[29] *Moore*, No. 17-4453, R. Doc. 59; *Pace*, No. 17-4471, R. Doc. 56; *Poole*, No. 17-4507, R. Doc. 56; *Michael*, No. 17-4563, R. Doc. 57; *Anderson,* No. 17-3022, R. Doc. 68; *Dumas,* No. 4322, R. Doc. 54; *Scott,* No. 17-4578, R. Doc. 59; *Stapleton,* No. 17-4588, R. Doc. 57; *Lawrence*, No. 17-4654, R. Doc. 57.

literature available. These new arguments, however, "neither cure[] nor explain[] the deficiencies of Cook's report."[30] Judge Africk has explained that:

> "[T]he fundamental question in [the] general causation inquiry is whether the chemicals, weathered oil, and dispersants to which [plaintiff] alleges he was exposed can cause the conditions he alleges." *Bass v. BP Expl. & Prod.*, No. 17-3037, 2022 WL 2986276, at *4 (E.D. La. July 28, 2022) (Morgan, J.). Cook's report fails "to identify the level of exposure to a relevant chemical that can cause the conditions asserted in plaintiff's complaint" and therefore cannot show general causation. *Grant*, 2022 WL 2467682, at *7. The alleged impossibility of "establish[ing] a BP Oil Spill responder's quantitative exposure to a given chemical at a given level" does not affect Cook's ability to "consult the relevant scientific and medical literature on the harmful effects of oil to determine whether a relevant chemical has the capacity to cause the harm alleged by plaintiff in the general population." *Dawkins v. BP Expl. & Prod.*, No. 17-3533, 2022 WL 2315846, at *10 (E.D. La. June 28, 2022) (Vance, J.).[31]

Accordingly, this Court agrees that these new arguments do not alter the outcome of Defendants' Motions in Limine. For the same reasons already articulated by Judges Africk, Ashe, Barbier, Guidry, Morgan, Vance, Vitter, and Zainey, the Court grants Defendants' Motions in Limine.

In response to Defendants' Motions, each of the Plaintiffs has filed a motion seeking admission of Dr. Cook's report through a different mechanism—as a sanction for spoliation. Plaintiffs each argue that Defendants acted in bad faith when they chose not to record quantitative data on the exposure of clean-up workers to specific chemicals and that the Court should allow Plaintiffs to rely on Dr. Cook's report as a sanction for that

---

[30] Walker v. BP Expl. & Prod. Inc., No. CV 17-3012, 2022 WL 17987118, at *8 (E.D. La. Dec. 29, 2022) (J. Africk).

[31] *Id.*

11

spoliation. As previously explained, however, the lack of quantitative data regarding the clean-up workers' exposure to a given chemical at a given level does not affect Dr. Cook's ability to opine on whether a specific chemical is "capable generally of causing certain health issues for the general population."[32] Thus, his report "still fails to provide evidence of general causation as is required by the Fifth Circuit for toxic tort cases."[33] "Put simply, Dr. Cook's report is flawed in ways unrelated to BP's decision not to conduct monitoring."[34] Accordingly, even assuming that Plaintiffs could prove that Defendants spoliated evidence,[35] Dr. Cook's opinion remains unhelpful, unreliable, and inadmissible. Other sections of this Court have reached the same result.[36] Plaintiffs' Motions are therefore denied. Because Plaintiffs cannot prove general causation, the Court also grants Defendants' Motions for Summary Judgment.

---

[32] *Id.; see* Barkley v. BP Expl. & Prod. Inc., No. CV 13-1020, 2022 WL 3715438, at *1 (E.D. La. Aug. 5, 2022) ("[E]ven assuming that BP had an affirmative duty to conduct dermal testing or biomonitoring after the oil spill, the lack of this information is not what renders Dr. Cook's expert report unreliable, unhelpful, and inadmissible.").

[33] Fairley v. BP Expl. & Prod. Inc., No. CV 17-3988, 2022 WL 16731817, at *4 (E.D. La. Nov. 3, 2022) (J., Ashe).

[34] Campbell v. B.P. Expl. & Prod., Inc., No. CV 17-3119, 2022 WL 17251115, at *12 (E.D. La. Nov. 28, 2022) (J., Vance).

[35] Other sections of this Court have agreed that Plaintiffs have not shown any element required to prove spoliation. *Id.*; *Walker*, 2022 WL 17987118, at *11; *Fairley*, 2022 WL 16731817, at *3.

[36] *Campbell*, 2022 WL 17251115, at *12 ("Dr. Cook's report is flawed in ways unrelated to BP's decision not to conduct monitoring."); *Walker*, 2022 WL 17987118, at *11 ("[T]he flaws in Cook's general causation report are unrelated to defendants' failure to perform dermal monitoring of oil spill workers."); *Fairley*, 2022 WL 16731817, at *3 ("Finally, even if there were evidence of spoliation, the proposed remedy – deeming Cook's opinions relevant – does not solve the inherent problem in Cook's report.").

## **CONCLUSION**

For the foregoing reasons, Defendants' Motions in Limine and Motions for Summary Judgment are **GRANTED**. Plaintiffs' Motions are **DENIED**.

**IT IS ORDERED** that all of Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 2nd day of February, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**